Betty M. CREAGER, Appellant,

v.

Pamela L. CHILSON, a minor, by her Mother and Guardian ad litem, LaDean E. Blann, Respondent.

No. 54731.

Supreme Court of Missouri, Division No. 2.

May 11, 1970.

Paxton, James & May, William C. Paxton, Independence, for appellant.

Thos. J. Conway, Lonnie J. Shalton, Kansas City, for respondent; Popham, Popham, Conway, Sweeny & Fremont, Kansas City, of counsel.

STOCKARD, Commissioner.

In plaintiff's action for damages in the amount of $150,000 for personal injuries resulting from an automobile collision, the verdict of the jury was for defendant, and plaintiff has appealed.

A detailed statement of the evidence is not essential. On the evening of February 26, 1968, defendant, age seventeen, was operating her automobile in Jackson County, Missouri, northerly on Salisbury Road. As she approached the intersection with U. S. Highway 24 she stopped her automobile. Highway 24 was a four-lane undivided highway with two lanes for eastbound and two lanes for westbound traffic. After waiting for an eastbound automobile to pass, defendant drove onto Highway 24 and made a left turn into the inner westbound lane. Plaintiff was operating her automobile west on Highway 24 in the inner lane when, according to her, defendant "shot" out in front of her and turned left. Plaintiff swerved her automobile to the left in an effort to avoid striking defendant's automobile, and entered the inner eastbound lane. After traveling approximately 108 feet parallel to defendant's automobile, plaintiff collided head-on with an eastbound automobile. There was no contact between plaintiff's and defendant's automobiles.

Plaintiff's first point is that the trial court erred in excluding certain evidence offered by plaintiff. Certain additional facts are necessary.

Defendant thought her automobile may have been involved in the collision, and she drove onto and parked in a nearby vacant lot. A police officer attempted to talk to her, but she was "very upset and she was crying." The officer told her to wait in her automobile and he would talk to her later. After he had cleared the highway he again talked to defendant, and according to the officer, "Miss Chilson did state that she had pulled out and she felt that she had caused the accident." William Alderson, a high school student, knew defendant and also her stepsister, Debbie Blann, who was a passenger in defendant's automobile and he went to their automobile while it was parked in the lot and talked to them. According to Alderson, "one of them" talked to him in the presence of the other about the accident, but he could not recall which one it was. At the time of trial Debbie Blann was deceased. William Alderson, called as a witness for plaintiff, testified that he was at defendant's car "just for a few minutes." He was then asked: "* * * I will ask you what it was that either Pamela Chilson or Debbie in Pamel's presence said to you about this accident?" An objection that the answer would be hearsay was sustained. Plaintiff then stated that the testimony "as to what was said by either the defendant or the sister in the defendant's presence without a denial or contradiction by the defendant" was offered as an admission by the defendant against her interest if the statement was made by her, and if it was made by Debbie it was offered "as a tacit admission [by defendant] by her silence and failure to deny or contradict the statement made." Plaintiff then made an offer of proof that if permitted, witness Alderson would testify that either defendant, or her stepsister Debbie Blann in defendant's presence, said that Pamela Chilson had pulled out in front of plaintiff's automobile and had caused the accident. This offer of proof was refused.

Plaintiff argues that if it was defendant who made the statement to Alderson the statement was an admission against inter-est, and if Debbie Blann made the statement it was made in the presence of defendant whose silence constituted a "tacit admission" against interest.

◼ We conclude that in the circumstances of this case no prejudicial error resulted from the ruling of the trial court for a combination of reasons. First, it is not established who made the statement and it cannot be assumed that defendant made it. An admission by the defendant is entitled to considerable weight, Munday v. Austin, 358 Mo. 959, 218 S.W.2d 624, 628, but a tacit admission by reason of silence is considered to be weak in probative force. Keim v. Blackburn, Mo., 280 S.W. 1046. This would result in speculation on the part of the jury in determining the weight to be accorded the statement.

◼ Second, although Missouri has recognized the rule that "under given circumstances an admission may be implied from silence," State ex rel. Tiffany v. Ellison, 266 Mo. 604, 182 S.W. 996, Ann.Cas. 1918C 1, it has also been held that "The circumstance must point clearly to the necessity for a reply before it can be admitted at all," Keim v. Blackburn, supra, and a person is not always called on to speak. State ex rel. Tiffany v. Ellison, supra. In this case the defendant was seventeen years of age and at the time or near the time of the alleged statement she was very upset and crying. Since there was no proof that defendant made the statement, if admissible at all we must assume it was made by the stepsister. But, if made by the stepsister, it was made to a "stranger" (in the sense that he was not a party to the controversy and occupied no official position), a young boy of high school age, and it was a statement of opinion concerning the fault of defendant. Whether circumstances are such to call for a denial is a preliminary question for the court. Klever v. Elliott, 212 Or. 490, 320 P.2d 263, 70 A.L.R.2d 1094, 1.c. 1098. The record does not affirmatively show such a determination by the trial court, but unless

we conclude that the circumstances do call for a denial, we cannot find prejudicial error. It is the universally accepted rule that because of the uncertainty which attends interpreting a person's silence as an implied admission of a statement made, such evidence is considered by the courts "as dangerous and to be received with caution." 29 Am.Jur.2d, Evidence § 633. Matters properly considered in determining the admissibility of such statements include the relationship of the declarant to the person whose silence is alleged to constitute an admission, the circumstances under which the statement was made, and the person to whom it was addressed. Gerulis v. Viens, 130 Me. 378, 156 A. 378, 76 A.L.R. 1387. In this case we do not know the age of the stepsister, but we know that defendant was but seventeen years of age and at the time highly excited, and that the statement was addressed to a high school age "stranger." As noted in Burton v. Horn & Hardart Baking Co., 371 Pa. 60, 88 A.2d 873, 63 A.L.R.2d 731, some circumstances call for silence. See also 29 Am.Jur.2d, Evidence § 633.

Third, the police officer had already testified that defendant had stated to him almost the precise statement set forth in the offer of proof, and defendant did not deny the testimony of the police officer. Therefore, the offered testimony of William Alderson would have at most been cumulative evidence of an admission by defendant, and its rejection could not have been prejudicial. Unrein v. Oklahoma Hide Co., 295 Mo. 353, 244 S.W. 924; Steffen v. Southwestern Bell Telephone Co., 331 Mo. 574, 56 S.W.2d 47; Clark v. Reising, 341 Mo. 282, 107 S.W.2d 33. In view of the uncertainty as to who made the statement, the circumstances which strongly refute a duty on defendant to reply, and the cumulative nature of the statement, we cannot convict the trial court of error in refusing to admit the offered testimony of witness Alderson.

Plaintiff next asserts that the court erred in admitting "incompetent, irrelevant and immaterial" testimony of Sergeant Robert McKinney on the ground that the witness, as an expert, was permitted "to average speeds from beginning speed of no miles per hour to a stated speed of 15 miles per hour," obtain an average speed and from it compute the time it took for defendant's automobile to travel 134 feet, and then to arrive at the distance traveled by plaintiff during that period of time. A statement of certain additional facts will be helpful.

Sergeant McKinney was called and qualified as an expert witness by plaintiff; not defendant. He was a supervisor with the Accident Investigation Unit of the Kansas City Police Department. He testified concerning stopping distances, reaction time, the effect of skidding the wheels, the distance required to swerve an automobile, and such matters. On cross-examination, after examining the witness as to the matters he testified to on direct examination, counsel for defendant asked "if a person is driving from a stop and gets up to fifteen miles an hour, there is really no way to average their speed, is there?" The witness answered, "No, we can just actually take an average." When asked what that would be in the factual situation presented, plaintiff objected because "it is not based upon any hypothesis as to facts which are or will be in evidence in the case, and does not contain and is not based upon any question as to whether the car started off very slowly and then made its gain at the end of the time that it was rising to fifteen miles an hour, or whether it started off and immediately gained that speed." The effect of this objection was that there was an insufficient hypothesis of facts to determine average speed. It was overruled, and the witness testified that "in figuring acceleration and time * * * we generally split it down the middle," and that at seven and one half miles an hour a person travels approximately eleven feet a second. The witness was then asked to assume that an automobile starts "from a stop sign and gets up to the maximum speed of fifteen miles per hour," that it crosses two lanes of

pavement and gets into a third lane and then travels 108 feet, and in view of these assumptions he was asked, "how many seconds would elapse from the time it started until the time it arrived at this point 108 feet down the highway?" Plaintiff objected because, first, "the question omits any reference to the total distance * * * whether it is a combination of the two distances, two lanes plus a hundred feet, * * or whether the distance is to be computed at an angle," and second, "it omits any reference to whether the acceleration was immediate and then maintained at a steady rate for part of this distance, or whether from starting at a dead stop the car gradually and at the same rate of increase accelerated, so that it had just reached fifteen miles an hour at the end of the distance." This objection was to the effect that there was an insufficient hypothesis of facts. The trial court overruled it with the comment that "you can develop that on cross-examination" [sic]. Following this it was developed that the total distance was approximately 134 feet, and the witness testified that by "rounding it off" the time to travel that distance would be approximately 12.2 seconds, and that a "westbound car * * * going at thirty-five miles an hour in 12.2 seconds" would travel 627 feet.

 It is thus apparent that the basis of the point in plaintiff's brief is not the substance of the objections made at the trial. However, neither the objections nor the contention in the brief demonstrates prejudicial error. The witness had been qualified as an expert, and defendant was entitled to cross-examine him to determine his knowledge and to have him express his expert opinions on material matters. It is true that he purported to calculate time from distance and *average* speed, which cannot accurately be done, but there was no objection on that ground. Plaintiff's objections went only to the form or sufficiency of the questions asked him, and in its discretion the court could properly direct the witness to answer and permit plaintiff on re-direct examination to bring out the additional matters believed to be necessary or advisable. Even though the formula used by the witness may be questionable, there was no objection to that, and the evidence certainly was not irrelevant and immaterial. We find no prejudicial error.

 Plaintiff's remaining contention is that defendant's requested Instruction 6 submitting contributory negligence was erroneous because it "suggests facts contrary to the evidence." The instruction follows MAI 28.01, but as authorized in the "Notes on Use" following MAI 17.04, the submission set forth in MAI 17.04 was incorporated into MAI 28.01. The part of the instruction challenged is in the portion taken verbatim from MAI 17.04, and is as follows: plaintiff "knew or by the use of the highest degree of care could have known that there was a reasonable likelihood of a collision in time thereafter to have stopped, or slackened her speed and swerved to the right but plaintiff failed to do so, * *."

In argument plaintiff asks: collision with whom? She also argues that she "could not have stopped her automobile and avoided the accident." It is not necessary that plaintiff had to anticipate the occurrence exactly as it happened. Foley v. Hudson, Mo., 432 S.W.2d 205, 208, and the submission followed precisely the language of MAI 17.04. We find no error in that respect. Also, under the evidence of plaintiff it may be that she could not have stopped in time to avoid a collision, but in determining this issue defendant is entitled to the evidence favorable to her submission. We need not set it out in detail, but Sergeant McKinney's testimony when considered with plaintiff's testimony as to speed, authorized such a finding. Also defendant's testimony as to the location of plaintiff's automobile and the subsequent occurrences would have authorized such a find-

ing. We find no error in giving Instruction 6 for the reasons asserted.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN and FINCH, JJ., and DIXON, Special Judge, concur.