**Patrick D. AUBERRY, Appellant,**

v.

**Louis ELKINS and Edwin Klix,
Respondents.**

**No. 44778.**

Missouri Court of Appeals,
Eastern District,
Division Three.

June 15, 1982.

Thomas J. Casey, St. Louis, for appellant.

Robert Nussbaumer, Eugene Buckley, St. Louis, for respondents.

CRIST, Judge.

Plaintiff appeals trial court's exclusion of medical opinion testimony in a personal injury action arising from an automobile collision. Jury verdict was for defendants. We affirm.

Plaintiff's treating physician, Dr. Dash, a board certified orthopedic surgeon, testified on behalf of plaintiff by way of a video taped deposition. He first examined plaintiff approximately nine and one-half months after the accident. The doctor diagnosed plaintiff's condition as spondylolisthesis L5–S1 with bilateral isthmus defect symptomatic, explaining this meant the fifth lumbar vertebra was trying to slip over the tailbone, causing lower back pain. In response to a hypothetical question, the doctor testified plaintiff's back pain was caused by the automobile accident.

On cross-examination, the doctor testified the accident did not cause plaintiff's back condition, a condition existing since birth. He further testified that pain could result in patients with this condition who have not been subjected to trauma.

On redirect examination, plaintiff's attorney asked,

Doctor, do you have an opinion based upon a reasonable degree of medical certainty as to whether Pat Auberry would be experiencing pain in his lower back today in 1980 if he had not been involved in this automobile collision back in 1974?

The doctor responded, "He would not be having pain at this time."

Both defendants objected to the form of the question as calling for speculation. The trial court sustained the objections; the question and the doctor's answer were excluded from the jury's hearing.

During the jury's deliberation, it returned the following written question:

If we find that Elkins and Klix are negligent but the accident did not cause Mr. Auberry's injury do we have to make or award him a cash settlement?

The trial court returned the question, responding, "May 15, 1981. You have been fully instructed as to the law in this case." Thereafter the jury returned its findings in favor of defendants Elkins and Klix.

Dr. Dash's testimony in response to a previous hypothetical question demonstrated his opinion that the accident caused plaintiff's back pain. As plaintiff's treating physician, Dr. Dash's training and experience with back conditions similar to plaintiff's were probably sufficient to remove the excluded testimony from the realm of speculation. The excluded testimony was in effect the same as Dr. Dash's response to the hypothetical question. *See, Harp v. Illinois Central R. R. Co.*, 370 S.W.2d 387, 391 (Mo.1963).

On this appeal, plaintiff bears the burden of demonstrating prejudice from the exclusion of Dr. Dash's opinion testimony. *Parker v. Wallace*, 473 S.W.2d 767, 772 (Mo. App.1971). Due to Dr. Dash's response to the hypothetical question, it is unlikely the excluded testimony prejudiced plaintiff. *See, Creager v. Chilson*, 453 S.W.2d 941, 944 (Mo.1970). The abbreviated transcript plaintiff filed on this appeal shows no prejudice. *See, Model Housing & Dev. Corp. v. Collector of Revenue*, 583 S.W.2d 574, 576–77 (Mo.App.1979). The jurors' inquiry does not demonstrate the excluded testimony prejudiced their consideration. *See, McComb v. Vaughn*, 358 Mo. 951, 218 S.W.2d 548, 553 (1949). Plaintiff has failed to meet his burden of showing prejudice.

Judgment affirmed.

REINHARD, P. J., and SNYDER, J., concur.