**Danny D. HAYES, Plaintiff-Appellant,**

v.

**REORGANIZED SCHOOL DISTRICT NO. 4, OZARK COUNTY, et al., Defendants-Respondents.**

No. 13909.

Missouri Court of Appeals, Southern District, Division One.

Sept. 16, 1985.

Motion for Rehearing or to Transfer to Supreme Court Denied Oct. 7, 1985.

Winston V. Buford, Eminence, for plaintiff-appellant.

Kenneth A. Wagoner Moore, Brill & Wagoner, P.C., West Plains, Richard T. Martin, Gainesville, for defendants-respondents.

PER CURIAM.

Plaintiff, Danny D. Hayes, appeals a circuit court judgment denying him relief in his claim of replevin for possession of a 1972 Markwood trailer being used as a classroom by defendants. Hayes contended he leased the trailer to defendants, they had not made the lease payments as promised, and he was entitled to possession and damages.

Defendants, who were the school district and its individual members, claimed they had purchased the unit from Hayes and that they owed him a balance of $1,800 on the purchase price, which amount they had tendered, but Hayes had refused to accept.

The jury agreed with defendants, denied Hayes his claim of ownership, and assessed his damages at $1,800, which was the amount defendants admittedly owed him.

Hayes' sole point relied on in this appeal is that the purchase contract defendants

relied on for their claim of ownership was oral, and since § 432.070, RSMo 1978, requires that contracts with school districts, such as the one in question, be in writing in order to be enforceable, there was no substantial evidence submitted to the jury from which they could find that the school district had purchased the trailer.

Hayes did not raise this contention at trial, by objection to testimony by defendants that the purchase contract was oral, and did not contend in his motion for new trial that the trial court, sua sponte, should have excluded evidence of an oral contract, or should have directed a verdict for him, because of lack of evidence by defendants of a written contract of purchase of the classroom unit.

Plaintiff's allegation of trial court error has not been preserved for appellate review. *Davis v. Mathews*, 649 S.W.2d 256, 258 (Mo.App.1983); *Turcol v. Shoney's Enterprises, Inc.*, 640 S.W.2d 503, 507 (Mo. App.1982); Rule 78.07, V.A.M.R.

Judgment affirmed.

All concur.