William J. Deemer, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued February 6, 1981, before Judges WILKIN-SON, JR., BLATT and WILLIAMS, JR., sitting as a panel of three.

*Sandra L. Smales,* with her *Louis Lessem,* for petitioner.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE BLATT, March 19, 1981:

The petitioner[1] seeks review of a determination of the Board[2] finding him to be ineligible for trade read-

---

[1] William J. Deemer.

[2] Unemployment Compensation Board of Review.

justment assistance (TRA) under the Trade Act of 1974 (Trade Act), 19 U.S.C. §2101 *et seq.*

The petitioner was employed for 19 years by Jones & Laughlin Steel Corporation until a back problem caused him to take sick leave from May 11, 1978 until May 31, 1979. When he was able to return to work, he found that his position as a clerk had been eliminated and he thereafter applied for TRA benefits.

Under the Trade Act, benefits are available for workers whose employment in certain industries[3] has been adversely affected by imported goods and foreign competition, 19 U.S.C. §2102(4), and, to be eligible for benefits, an employee who has been separated from his employment in one of the affected industries must have "had, in the 52 weeks immediately preceding such total or partial separation, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm...." 19 U.S.C. §2291(2); *see also* 29 C.F.R. §91.7(c). The petitioner's application for TRA benefits was denied by the Office of Employment Security and, after a hearing, a referee upheld the denial, finding that the petitioner had no weeks during the 52 weeks preceding his May 31, 1979 separation in which he was employed in an adversely affected industry. The Board affirmed the referee's decision and this appeal followed.

The petitioner argues (1) that the period of his sick leave should have been considered to be "weeks of employment" for purposes of determining his eligibility for TRA benefits and (2) in the event that his sick leave did not constitute "employment" for purposes of the Trade Act, that his date of separation from

---

[3] There has been no dispute that Jones & Laughlin is one of the industries certified under the Trade Act as adversely affected by foreign competition.

employment, which marks the point from which the 52-week period is determined, should be deemed to have been August 18, 1978, when his position was eliminated.

We believe that the first argument is controlled by our decisions in *Long v. Unemployment Compensation Board of Review*,* and *Ford v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 580, 409 A.2d 1209 (1980), wherein we held that an employee's paid vacation leave does not fall within the definition of "employment" contained in the Department of Labor's regulations.[4] We can find no legitimate reason for distinguishing the paid vacation leave in those cases from the sick leave with which we are here concerned in determining weeks of employment under the Trade Act and we must, therefore, affirm the Board's decision that the petitioner was not employed in an adversely affected industry from May 11, 1978 through May 31, 1979.[5]

Nor can we accept the contention that the petitioner's date of separation should have been set at August 18, 1978, when his former job was eliminated. Section 91.3(a)(13) of the regulations defines "date of separation" as the date upon which an employee becomes totally separated from his employment, 29 C.F.R. §91.3(a)(13), and such a separation must have been *caused* by a "lack of work in adversely affected

---

(* No. 1355 C.D. 1979, filed January 20, 1981.)

[4] 29 C.F.R. §91.3(15) defines employment as "any service performed for an employer by an individual for wages...."

[5] Such a holding is supported by the Department of Labor's guidelines for interpreting the term "employment": "Periods in which service is not being performed, such as leave of absence, sick or annual leave or vacation leave ... may not be considered as employment for any adversely affected firm or subdivision thereof." United States Department of Labor, Manpower Handbook on Adjustment Assistance for Workers under the Trade Act of 1974, Part C, P.C.-I-4, Para. 9 (1975).

employment...." 29 C.F.R. §91.3(a)(4)(i). Any interruption of the employment of the petitioner here, at least through May 31, 1979, was due entirely to his medical condition. His eligibility must, therefore, be based on the 52 weeks preceding May 31, 1979.

We will affirm the Board's denial of TRA benefits.

ORDER

AND, Now, this 19th day of March, 1981, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.