Alfred Mosqueda et al., Petitioners *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 10, 1981, before Judges BLATT, WIL-LIAMS, JR. and MACPHAIL, sitting as a panel of three.

*Frank J. Lucchino, Grogan, Graffam, McGinley, Solomon & Lucchino,* for petitioners.

*Charles Hasson,* Assistant Attorney General, with him *Stephen B. Lipson,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *LeRoy Zimmerman,* Attorney General, for respondent.

OPINION BY JUDGE WILLIAMS, JR., June 30, 1981:
This is a joint appeal by Alfred Mosqueda and others from orders of the Unemployment Compensa-

tion Board of Review (Board) denying them trade readjustment allowance benefits (TRA) under the Federal Trade Act of 1974, 19 U.S.C. §2271 *et seq.*[1]

Alfred Mosqueda (claimant) was last employed by United States Steel Corporation (U.S. Steel) as a welder apprentice. His last day of work was January 30, 1976, when he was laid off due to a lack of work.

The terms and conditions of claimant's employment were set forth in a Collective Bargaining Agreement. Under that Collective Bargaining Agreement, an employee who is laid off has the option of choosing whether to accept a standard lay off or an assignment under the "Apprentice Special Training Program." The "Apprentice Special Training Program", also known as apprentice retention, is a particular arrangement utilized by claimant's employer when a reduction in force amongst its employees is necessary. An employee electing to participate in that plan is placed in a special training status while remaining in the employ of U.S. Steel. Those employees choosing to partake of that program, however, forfeit their seniority rank within their respective departments. In addition, the net payment received by an employee in the apprentice retention program is somewhat less than that a laid off worker would receive if he collected unemployment compensation and supplemental unemployment benefits.

Approximately one week after claimant's lay off in January, 1976, claimant was offered apprentice retention. Claimant accepted work retention and partici-

---

[1] The Board issued accompanying orders denying benefits to thirteen similarly situated claimants under the same reasoning. For the sake of clarity, the specific facts set forth in this opinion relate solely to the lead claimant, Alfred Mosqueda. However, since the circumstances surrounding the appeals of the other claimants are virtually identical to those of claimant Mosqueda, our decision applies in all respects to those claimants.

pated in such until February 23, 1976, at which time he was recalled to the department in which he had worked prior to his furlough. For close to one year, beginning in April, 1976, claimant was intermittently laid off from work and rehired as he was needed. Each time he was laid off after April 1976, claimant chose the standard lay off rather than accept the apprentice retention program. Finally, on March 7, 1977, claimant returned to his employment at U.S. Steel where he continued to work as of the time of the proceedings below. During claimant's periods of unemployment, he applied for unemployment compensation benefits. He was determined to be eligible and was paid benefits for those weeks. In addition to requesting unemployment benefits, claimant filed an application for TRA benefits. Claimant fulfilled the requirements needed to apply for TRA benefits. He was a member of a group of workers certified by the Secretary of Labor as eligible to apply for TRA, had twenty-six weeks of employment during the qualifying period, and was determined to meet the financial restrictions.

The Office of Employment Security (Office) issued a determination denying TRA benefits to the claimant. The claimant filed an appeal therefrom and, following a hearing, the referee issued a decision reversing the Office's determination. Thereafter, the Office filed a further appeal from the referee's decision. The Board remanded the case to a referee to act as a hearing officer for the Board. Subsequently, the Board issued a decision denying benefits to the claimant. This appeal followed.

Claimant contends, at the outset, that state law governing unemployment compensation is controlling in determining eligibility for TRA benefits. Therefore, claimant argues, since he was eligible for unemployment compensation benefits, it necessarily follows

that he is entitled to TRA benefits. We find this argument meritless. The fact that the claimant was awarded Pennsylvania unemployment compensation benefits does not determine his entitlement to TRA benefits. While the federal statute[2] and regulations[3] provide that the disqualifying provisions of state unemployment insurance law also apply to claims for TRA benefits, TRA claimants still must meet the additional qualifying requirements set forth in the federal statute and regulations. The disqualifying provisions of state law merely supplement the federal provisions. Accordingly, not all individuals eligible for state unemployment compensation are eligible for TRA benefits.

Claimant argues in the alternative that he does qualify for TRA benefits because he has met all the eligibility requirements of the federal law governing the TRA program. He alleges that his election to accept lay off rather than participate in the Apprentice Special Training Program in no way rendered him ineligible for TRA benefits. We find that argument to be in error.

By force of federal regulation 29 C.F.R. §91.7(a), a claimant, in order to qualify for TRA benefits must be an "adversely affected worker covered by a certification." The statutory definition of an "adversely affected worker" is "an individual who, because of lack of work in adversely affected employment, has been totally or partially separated from such employment."[4] In short, a worker, in order to qualify for TRA benefits must have been detached from his job by his employer's decision. In the instant case, the claimant, by his own choice became unemployed. He had the option of continuing his employment via the

---

[2] 19 U.S.C. §2294.
[3] 29 C.F.R. §91.10.
[4] 19 U.S.C. §2319(2)(A).

Apprentice Special Training Program. Thus, claimant does not fall within the meaning of "adversely affected worker" as that term is defined under federal law and regulations. Therefore, he has not met all the requirements necessary to authorize the payment of TRA benefits to him.

For the above stated reasons, we affirm each of the orders of the Unemployment Compensation Board of Review.

ORDER

AND Now, the 30th day of June, 1981, the orders of the Unemployment Compensation Board of Review at Decision Nos. B-180309, B-180310, B-180311, B-180312, B-180313, B-180314, B-180315, B-180316, B-180317, B-180318, B-180319, B-180320, B-171690-C are affirmed.