Zdzislaw Felcyn, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

584

Argued March 1, 1982, before Judges CRAIG, MAC-PHAIL and DOYLE, sitting as a panel of three.

*H. Charles Markofski,* with him *Henry C. Markofski and James A. Cunningham, Markofski and Cunningham,* for petitioner.

*Charles Hasson, Associate Counsel,* with him *Stephen B. Lipson,* Assistant Chief Counsel, *Richard Wagner,* Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE MACPHAIL, May 25, 1982:

The Petitioner, Zdzislaw Felcyn, seeks review of a determination of the Unemployment Compensation Board of Review (Board) that he is ineligible for Trade Readjustment Allowance (TRA) benefits under the Trade Act of 1974 (Trade Act), 19 U.S.C. §2101-2487 (1976) (amended 1981).[1]

The findings of the referee, which were accepted by the Board, are uncontested here. Petitioner was

---

[1] This case is decided under the Trade Act as it existed prior to the 1981 amendments. Those amendments are discussed further in note 5, *infra.*

employed as a tire builder by Lee Tire Company for over eleven years. From April 23, 1979 to January 2, 1980 Petitioner was absent from work due to a work related injury, for which he received workmen's compensation benefits. Petitioner returned to work on January 2, 1980, and continued to work until January 30, 1980, when he was laid off due to lack of work. Petitioner thereafter applied for TRA benefits.

The Trade Act established a federal program providing for the payment of TRA benefits to workers in certain industries who are certified by the Secretary of Labor as being persons adversely affected by unfair or injurious import competition.[2] While the program is conducted under the auspices of the United States Department of Labor, it is administered through the state's unemployment compensation bureaus. In order to be eligible for TRA benefits, an employee in a certified industry must meet several criteria, one of which is that the employee "had, in the 52 weeks immediately preceding such total or partial separation, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm." 19 U.S.C. §2291(2). This requirement is also embodied in the Department of Labor's own regulations. See 29 C.F.R. §91.7(c).

In this case, Petitioner has been uniformly denied TRA benefits below because of a determination that during the 52 weeks immediately preceding his January 30, 1980, separation he worked only a total of 19 weeks. Petitioner does not deny that he was on the job no more than 19 weeks; rather, he contends that the 33 weeks of absence while on workmen's com-

---

[2] There has been no dispute that Lee Tire Company is one of the industries certified under the Trade Act as being adversely affected by foreign competition.

pensation should be considered "employment at wages of $30 or more a week," or, in the alternative, that the 33 weeks of absence should be ignored for purposes of determining the "52 weeks immediately preceding" separation. Under either computation, Petitioner presumably would then be eligible for TRA benefits. Petitioner contends that since the Trade Act requires that the availability and disqualification provisions of the State unemployment compensation law be applied to any worker who files for TRA benefits, see 19 U.S.C. §2294, and in view of the fact that he is currently qualified for unemployment compensation, then he should be found to have met the requirements for TRA benefits.

Initially, we find Petitioner's argument that he is eligible for TRA benefits because he is eligible for unemployment compensation to be meritless. As this Court has stated previously in regards to this argument:

> The fact that the claimant was awarded Pennsylvania unemployment compensation benefits does not determine his entitlement to TRA benefits. While the federal statute and regulations provide that the disqualifying provisions of state unemployment insurance law also apply to claims for TRA benefits, TRA claimants still must meet the additional qualifying requirements set forth in the federal statute and regulations. The disqualifying provisions of state law merely supplement the federal provisions. Accordingly, not all individuals eligible for state unemployment compensation are eligible for TRA benefits.

*Mosqueda v. Unemployment Compensation Board of Review*, 60 Pa. Commonwealth Ct. 242, 246, 431 A.2d 371, 373 (1981).

As for Petitioner's contention that his absence should be counted as "weeks of employment," we again find that prior case law requires a negative answer. This Court has decided that work related absences should not be counted as "weeks of employment." *See Deemer v. Unemployment Compensation Board of Review,* 58 Pa. Commonwealth Ct. 46, 426 A.2d 1277 (1981) (on sick leave due to back problem); *Long v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 174, 424 A.2d 587 (1981) (employee on vacation leave); *Ford v. Unemployment Compensation Board of Review,* 48 Pa. Commonwealth Ct. 580, 409 A.2d 1209 (1980) (employee on vacation leave). We find no legitimate reason to distinguish those cases, particularly the *Deemer* sick leave case, from the present injury related absence here.[3]

Finally, we come to Petitioner's argument that his period of absence should be ignored in determining the qualifying period of 52 weeks prior to his termination. Petitioner has cited no authority for this proposition to us. Our own research discloses only one case, *Hulet v. Review Board of Indiana Employment Security Division,* Ind. App. , 412 N.E.2d 289 (1980) where a period of time was exempted out of the 52 immediately preceding weeks. That case, however, depended upon a specific federal exemption for military service leave provided in the Veterans' Readjustment Assistance Act of 1972, 38 U.S.C. §2013

---

[3] These cases have all relied upon the Department of Labor's guidelines for interpreting the term "employment": "Periods in which service is not being performed, such as leave of absence, sick or annual leave or vacation leave, . . . may not be considered as employment for an adversely affected form or subdivision thereof." United States Department of Labor, Manpower Handbook on Adjustment Assistance for Workers under the Trade Act of 1974, Part C, p. C-I-4, para. 9 (1975).

(1976),[4] and thus is inapposite here. We therefore hold that the time spent on work related disability leave is not exempted out of the 52 "immediately preceding" weeks. Petitioner therefore has failed to show that he has had 26 weeks of eligible employment in the preceding 52 weeks; thus, he is ineligible for TRA benefits.[5]

We affirm.

### Order

It is ordered that the decision of the Unemployment Compensation Board of Review, Decision No. B-184044, date May 14, 1980, is hereby affirmed.

Judge Mencer did not participate in the decision in this case.

---

[4] Section 2013 provides that any period of time spent in active duty "shall be disregarded in determining the needs or qualifications of participants in any public service employment program . . . or any other manpower training (or related) program financed . . . with Federal funds."

[5] We would note that in August of 1981 the Trade Act was amended to provide that up to seven weeks spent on leave due to a disability compensable under the workmen's compensation law could be counted as weeks of employment for purposes of the Act. However, these amendments, which in this case would have just given the Petitioner the minimum 26 weeks, were to apply to compensable weeks of unemployment beginning after September 30, 1981. *See* Section 2514(a)(2)(B) of Pub. L. 97-35, 95 Stat. 881 (1981).