PAISON v FORD MOTOR COMPANY

Docket No. 66130. Submitted April 12, 1983, at Detroit.—Decided August 25, 1983. Leave to appeal denied, 419 Mich —.

Richard J. Paison, an employee of Ford Motor Company, took a leave of absence due to illness on January 5, 1979. On October 21, 1979, he was laid off by Ford. He applied for Trade Readjustment Allowance benefits, but the Michigan Employment Security Commission denied the benefits, finding Paison ineligible because he did not have 26 weeks of employment at wages of $30 or more per week immediately prior to being laid off. The MESC referee determined that the weeks during which Paison received sick pay benefits could not be considered as credit weeks for the purpose of obtaining TRA benefits since sick pay benefits are not wages for employment and that, without counting the weeks Paison was on sick leave, he did not have a sufficient number of credit weeks to qualify for the benefits. Paison appealed that decision to the MESC board of review, which affirmed. Paison then filed an application for review in the Wayne Circuit Court. The court, Roland L. Olzark, J., also affirmed. Paison appeals. *Held:*

Under the law in effect at the time Paison was laid off, amounts paid as sick leave benefits did not constitute "wages" for the purpose of determining eligibility for TRA benefits. A subsequent amendment to the federal law governing TRA benefits allows employer authorized leaves for sickness to count as weeks of employment at wages within the limitations of the prescribed formula. Even if the amendment were applicable to this case, Paison would be ineligible for benefits under the formula.

Affirmed.

UNEMPLOYMENT COMPENSATION — TRADE READJUSTMENT ALLOWANCE BENEFITS — WAGES — SICK LEAVE.

Amounts paid as sick leave benefits prior to September 31, 1981, did not constitute "wages" for the purpose of determining eligibility for Trade Readjustment Allowance Act benefits (19

REFERENCE FOR POINTS IN HEADNOTE
76 Am Jur 2d, Unemployment Compensation §§ 21, 90.5.

USC 2291; 29 CFR 91.3[a], subds [15], [35]; MCL 421.44[5]; MSA 17.548[5]).

*Smith, Poplar, Kalis & Pepper* (by *Jeffrey D. Pepper*), for Richard J. Paison.

*Frank J. Kelley,* Attorney General, *Louis . J. Caruso,* Solicitor General, and *Gunther C. Schwarze,* Assistant Attorney General, for defendant.

Before: T. M. BURNS, P.J., and R. M. MAHER and CYNAR, JJ.

PER CURIAM. Appellant Richard J. Paison appeals as of right from the lower court's order affirming appellee MESC's determination that appellant was not entitled to receive Trade Readjustment Allowance (TRA) benefits. On January 5, 1979, appellant went on a leave of absence due to illness, and subsequently, on October 21, 1979, appellant was laid off by Ford Motor Company. To qualify for TRA benefits, appellant had to have at least 26 weeks of employment at wages of $30 or more per week in the 52 weeks immediately prior to being laid off. 19 USC 2291. The MESC referee found that during this qualifying period appellant had only acquired 20 credit weeks of earnings in excess of $30 per week before he went on sick leave.[1] During the period that appellant was on sick leave he received sick pay benefits. The referee concluded that the weeks during which appellant received sick pay benefits could not be considered as credit weeks for the purpose of obtaining TRA benefits since sick pay benefits are not wages

---

[1] Appellant also received four weeks of vacation pay during this period. We do not determine whether these four weeks can be counted as credit weeks since even if these weeks were counted, appellant would still have an insufficient number of credit weeks.

for employment. The referee's decision was affirmed by the circuit court and appellant appealed.

The sole issue in this case is whether sick pay benefits are wages within the meaning of the Trade Readjustment Allowance Act. The term "wages" is defined at 29 CFR 91.3(a)(35). It states:

" 'Wages' means all compensation for employment for an employer including commissions, bonuses, and the cash value of all compensation in a medium other than cash."

"Employment" is defined at 29 CFR 91.3(a)(15) as:

" 'Employment' means any service performed for an employer by an individual for wages or by an officer of a corporation."

The United States Department of Labor has also promulgated guidelines for the various state unemployment compensation bureaus which state in part:

"Periods in which service is not being performed, such as leave of absence, sick or annual leave or vacation leave * * * may not be considered as an employment for an adversely affected firm or subdivision thereof." See United States Dep't of Labor, Manpower Handbook on Adjustment Assistance for Workers Under the Trade Act of 1974, Pt C, p c-1-4, ¶ A, 9 (1975).

While Michigan courts have not ruled on this issue, the Pennsylvania Commonwealth Court held that amounts paid as sick leave benefits do not constitute "wages" for the purpose of determining

eligibility for TRA benefits. *Deemer v Commonwealth of Pennsylvania, Unemployment Compensation Board of Review,* 426 A2d 1277 (Pa Commw Ct, 1981). While this decision is not binding on us, we note that it is in accordance with a Michigan statute which does not allow sick benefits paid pursuant to a plan established by an employer to be considered as wages within the meaning of the Michigan Employment Security Act. MCL 421.44(5); MSA 17.548(5). After considering these authorities, we conclude that appellant's sick benefits did not constitute wages for employment within the meaning of the Trade Readjustment Allowance Act and, therefore, he has insufficient credit weeks to qualify for TRA benefits.

We finally note that § 2291(2) was amended by the Omnibus Budget Reconciliation Act of 1981, Pub L No 97-35, Title XXV, § 2503 (1981). Section 2291(a) as amended allows employer authorized leaves for sickness to count as "week[s] of employment at wages" within the limitations of the prescribed formula. Under this formula, appellant would only be allowed to add 3 credit weeks to the 20 credit weeks he earned while working at Ford Motor Company. Thus, even if this amendment were applicable, appellant would still not have sufficient credit weeks to entitle him to TRA benefits.[2]

Our decision does not prejudice appellant's right to reapply for TRA benefits if the federal policy is changed.

Affirmed.

---

[2] Congress expressly provided that this amendment "shall apply with respect to trade readjustment allowances payable for weeks of unemployment which begin after September 30, 1981". Omnibus Budget Reconciliation Act of 1981, Pub L No 97-35, Title XXV, § 2514(a)(2)(B) (1981). Since appellant was laid off on August 21, 1979, this amendment does not apply to this case.