GIBBS v GENERAL MOTORS CORPORATION

Docket No. 71372. Submitted February 15, 1984, at Detroit.—Decided May 1, 1984.

Leon Gibbs, an employee of the Cadillac Motor Car Division of General Motors Corporation, was laid-off on January 17, 1980. Prior to being laid-off, Gibbs had been on sick leave from June 29, 1979, to January 12, 1980. Upon being laid-off, Gibbs applied for trade readjustment allowance benefits. A Michigan Employment Security Commission hearing referee denied Gibbs's claim, finding that the sickness and accident payments Gibbs received while on sick leave did not constitute qualifying wages and the period during which he received the payments did not constitute employment for purposes of the Trade Act of 1974 and that, without credit for the time spent on sick leave, Gibbs did not qualify for TRA benefits. Gibbs appealed to the MESC Board of Review, which affirmed. Gibbs filed a claim of appeal in Wayne Circuit Court. That court, Sharon T. Finch, J., reversed the decision of the MESC Board of Review and ordered payment of TRA benefits to Gibbs. The Michigan Employment Security Commission appeals. *Held:*

The circuit court erred in reversing the determination of the MESC Board of Review. A decision by the MESC may be reversed only where it is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. The determination of the MESC Board of Review was not contrary to law. The sickness and accident payments received by Gibbs do not qualify as wages nor does the period during which he received the payments qualify as employment under the act.

Reversed.

1. UNEMPLOYMENT COMPENSATION — TRADE READJUSTMENT ALLOWANCE BENEFITS — SICK LEAVE.

A period of absence from work due to illness during which sick

REFERENCES FOR POINTS IN HEADNOTES

[1] 76 Am Jur 2d, Unemployment Compensation §§ 21, 22, 59, 64.

[2] 76 Am Jur 2d, Unemployment Compensation §§ 93, 94.

[3] 2 Am Jur 2d, Administrative Law § 241 *et seq.*

pay is received does not constitute "employment at wages" for purposes of qualifying for trade readjustment allowance benefits (19 USC 2291).

2. APPEAL — EMPLOYMENT SECURITY COMMISSION.

A decision by the Michigan Employment Security Commission may be reversed only where it is contrary to law or is not supported by competent, material, and substantial evidence on the whole record (MCL 421.38[1]; MSA 17.540[1]).

3. ADMINISTRATIVE LAW — FEDERAL AGENCIES — JUDICIAL CONSTRUCTION.

Deference should be given to the interpretation of a federal statute by the agency administering it.

*Grant & Busch* (by *David B. Grant),* for Leon Gibbs.

*Mark R. Flora,* for General Motors Corporation.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Jack Blumenkopf,* Assistant Attorney General, for Michigan Employment Security Commission.

Before: ALLEN, P.J., and V. J. BRENNAN and N. J. KAUFMAN,* JJ.

PER CURIAM. The Michigan Employment Security Commission (MESC) appeals as of right from an order entered May 2, 1983, in Wayne County Circuit Court. In that order, the circuit court reversed the decision of the MESC Board of Review denying Leon Gibbs's claim for trade readjustment allowance (TRA) benefits. On appeal, Gibbs's employer, General Motors Corporation, Cadillac Motor Car Division, seeks an order reversing the circuit court's decision.

To qualify for TRA benefits, Gibbs had to have

* Former Court of Appeals Judge, sitting on the Court of Appeals by assignment.

at least 26 weeks of employment at wages of $30 or more in the 52 weeks immediately prior to being separated from "adversely affected employment". 19 USC 2291. The MESC referee noted that Gibbs had 19 weeks of such employment during the appropriate qualifying period, January 14, 1979, through January 12, 1980. Gibbs was on sick leave from Cadillac from June 29, 1979, until January, 1980, and during that period received sickness and accident benefits. The MESC referee, following guidelines of the United States Department of Labor, found that sickness and accident payments do not constitute qualifying wages or employment for the purposes of the Trade Act of 1974 and, therefore, denied Gibbs's claim.

The MESC Board of Review upheld the referee's decision. On appeal, the Wayne County Circuit Court reversed.

The question before us is whether a period of absence due to illness during which sick pay is received constitutes "employment at wages" for the purposes of qualifying for TRA benefits. The MESC and General Motors Corporation contend that the decisions of the referee and the MESC Board of Review correctly interpreted the Federal Trade Act of 1974 and, under the act, the sickness and accident payments received by Gibbs did not qualify as wages or employment. We agree.

Under the Trade Act of 1974, the United States Secretary of Labor has the authority to certify a group of workers eligible to apply for TRA benefits. 19 USC 2272, 2273. Also, the Secretary has the power to authorize a state agency, such as the MESC, to act as its agent in receiving and processing applications for TRA benefits. 19 USC 2311(a).

The act also provides that judicial review of a state agency's determination as to eligibility for

TRA benefits is to be in the same manner as the agency's determination made under applicable state law. 19 USC 2311(d). Under Michigan law, a decision by the MESC may be reversed only where it is contrary to law or is not supported by competent, material, and substantial evidence on the whole record. MCL 421.38(1); MSA 17.540(1).

Recently, in *Paison v Ford Motor Co,* 134 Mich App 124; 351 NW2d 197 (1983), *lv applied for* (1983), this Court addressed the same issue as presented to us in the instant case and the panel affirmed the lower court's order affirming the determination by the MESC that sick pay benefits did not constitute wages for employment within the meaning of the Trade Act of 1974.[1]

In light of the *Paison* decision, we cannot conclude that the MESC Board of Review's determiniation was contrary to law. Therefore, we must reverse the lower court's order reversing the decision of the MESC Board of Review. In our opinion, deference should be given to the interpretation of the federal statute by the agency administering it. We believe that the agency is in a better position to determine eligibility under the statute. Until contrary interpretations of the statute are resolved on the federal level, or a decision of our Supreme Court to the contrary, uniformity of application would be achieved among the states by following the agency's interpretation. Final resolution of the issue by the federal courts will ultimately flow back through the agency administering the statute and any change in statutory interpretation will be applied at the agency level as controlling law.

Reversed.

---

[1] We do note that in *International Union, United Automobile, Aerospace & Agricultural Implement Workers of America v Donovan,* 568 F Supp 1047, 1048 (D DC, 1983), the district court reached a result contrary to this decision and the *Paison, supra,* decision.