526 A.2d 452

David A. Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Submitted on briefs November 3, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Richard A. Alberti,* for petitioner.

*Charles G. Hasson,* Acting Deputy Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 22, 1987:

David A. Wilson (Petitioner) appeals from an order of the Unemployment Compensation Board of Review (Board) denying him training benefits under the Trade Act of 1974 (Trade Act), §§1-613, 19 U.S.C.A. §§2101-2487 (West Supp. 1986)[1] We vacate and remand.

Petitioner was laid off from Jones and Laughlin Steel Corporation. There is no dispute that he was certified as eligible to apply for trade adjustment assistance (taa) pursuant to Section 223 of the Trade Act.[2] Petitioner applied for taa training benefits under Section 236 of the Trade Act[3] for the purpose of pursuing a Masters Degree in Public Administration at the University of Pittsburgh. The Office of Employment Security (OES) determined that Petitioner was not entitled to taa training benefits because the training he sought benefits for was "professional" rather than "vocational." The referee affirmed the denial, concluding that while a denial of entitlement for trade readjustment benefits under Section 231 of the Trade Act[4] is appealable, a decision as to the appropriateness of training benefits under Section 236 is not. The Board concluded that the decision was appealable, but affirmed the denial of benefits, concluding that training benefits are restricted to "vocational" or "on-the-job" training and do not include "professional" training.

---

[1] The Trade Act established a federal program, administered through the states' unemployment compensation bureaus, to provide benefits to workers in industries certified by the Secretary of Labor as adversely affected by unfair or injurious import competition. *See Felcyn v. Unemployment Compensation Board of Review,* 66 Pa. Commonwealth Ct. 583, 445 A.2d 847 (1982).

[2] 19 U.S.C. §2273.

[3] 19 U.S.C. §2296. This section was amended by §2506(2) of the Omnibus Budget Reconciliation Act of 1981, Pub. L. No. 97-35, 95 Stat. 881, 885 (1981).

[4] 19 U.S.C. §2291.

Petitioner, on appeal, contends that the Board's interpretation of the training covered by the Trade Act is in error and that the training he sought was within the scope of the Trade Act.[5]

Section 236(a) provides, in pertinent part:

(1)    If the Secretary determines that—

(A)    there is no suitable employment (which may include technical and professional employment) available for a worker,

(B)    the worker would benefit from appropriate training,

(C)    there is a reasonable expectation of employment following completion of such training,

(D)    *training approved by the Secretary* is available to the worker from either governmental agencies or private sources (which may include area vocational education schools, as defined in Section 195(2) of the Vocational Education Act of 1963, and the employers), and

(E)    the worker is qualified to undertake and complete such training,

the Secretary may approve such training for the worker. Upon such approval, the worker shall be entitled to have payment of the costs of such training paid on his behalf by the Secretary. Insofar as possible, the Secretary shall provide or assure the provision of such training on the job,

---

[5] While neither of the parties has raised the appealability of this order, we note that denial of any type of taa benefits to individual workers, who have been certified as eligible to apply, is appealable in the same manner as any decision of the OES. Section 239(d) of the Trade Act specifically provides: "A determination by a cooperating State agency with respect to entitlement to program benefits . . . is subject to review in the same manner and to the same extent as a determination under the appropriate State law and only in the manner and to that extent." 19 U.S.C. §2311(d).

which shall include related education necessary for the acquisition of skills needed for a position within a particular occupation. (Emphasis added.)

The Department of Labor has promulgated regulations, pursuant to Section 248 of the Trade Act,[6] to carry out the provisions of the Trade Act. Those covering taa appear at 29 CFR §§91.1-91.66. Sections 91.17(f) and 91.51 direct the states' unemployment compensation agencies to apply the federal regulations and the substantive provisions of the statute in making any decision of non-approval for taa training benefits.

The regulations relied on by the Board in its decision are as follows:

§91.18   Worker retraining plans.

(a)   Establishment. To the extent practicable before referring adversely affected workers to training or approving training for such workers the Secretary, or at his request a State employment service, shall consult with such workers' firm and their certified or recognized union or other authorized representative for the purpose of developing a worker retraining plan to meet the manpower needs of such firm and to preserve or restore the employment relationship between the workers and such firm. The fact there is not otherwise a need in the area to train workers in a specific occupation shall not preclude development of a worker retraining plan as to such occupation for workers of the firm.

(b)   Methods. Worker retraining plans may provide for either or a combination of the following methods of training:

---

[6] 19 U.S.C. §2320.

(1) On-the-job training in the facilities of the firm or elsewhere pursuant to §§91.19, 91.20, and 91.21, including training for which the firm pays the costs; and

(2) Vocational training other than on-the-job training pursuant to §§91.19, 91.20, and 91.21.

(c) Section and referral. To the extent consistent with this section, selection and referral of individuals designated in a worker retraining plan shall be in accordance with §91.19.

(d) On-the-job training. When a worker retraining plan provides for on-the-job training described in paragraph (b)(1) of this section, 29 CFR 95.33 (d)(2) shall apply.

§91.19 Preferred training.

(a) Suitable training. A State employment service shall refer an adversely affected worker selected for training which is provided at no cost to the worker or to the Adjustment Assistance Trust Fund under:

(1) The Comprehensive Employment and Training Act of 1973, as amended, as implemented by Parts 94 through 98 of this title, offered by a prime sponsor;

(2) If suitable training under paragraph (a)(1) of this section cannot be provided or is not available, under any other applicable law.

(b) Applicable standards. The standards, procedures, and requirements of the training program to which a worker is referred under this section shall apply to the worker.

(c) Fees prohibited. In no case shall a worker be referred to training under this section for which the worker is required to pay a fee or tuition.

§91.20  Purchased training.

If the State employment service determines that placement of an adversely affected worker in suitable training under §91.19 cannot otherwise be accomplished, the State employment service shall reimburse the agency or prime sponsor operating the training program for the cost of such training. The State employment service may make arrangements or agreements for such reimbursement, and such arrangements or agreements may include provision for placement of such workers in such training although such workers do not meet the generally applicable eligibility requirements for such programs.

§91.31  Approval of other training.

A State employment service may approve and purchase for an adversely affected worker any other training, including on-the-job training or institutional training, the individual may wish to undertake if:

(a) Circumstances preclude referral to training under §91.19 or §91.20; and

(b) If institutional vocational training, the training has been approved by the State vocational education agency as meeting the standards of adequacy required by the applicable law.

The Board supports its interpretation by explaining that the "most obvious directive one gleans from the regulations is a requirement that the training be 'vocational' in nature."[7] While we agree with this observation, we do not agree with the Board's reasoning that "vocational" training (based on the dictionary definition of vocational since the term is not defined in the Trade Act) totally excludes "professional" training for the reasons which follow.

---

[7] Board brief at 8.

The Senate Committee on Finance described the objective of Section 236 of the Trade Act as "the placement of a worker in actual employment." Senate Comm. on Finance, Trade Act of 1974, S. Rep. No. 93-1298, 93rd Cong., 2nd Sess., *reprinted in* 1974 U.S. Code Cong. & Admin. News 7186, 7279. Although indicating a preference for on-the-job training, because it would achieve the objective sooner instead of later, the Committee indicated that the Secretary was not barred "from providing *any* type of training which he might find to be appropriate." *Id.* (emphasis added.) We do not believe that the Secretary eliminated, via the regulations, professional training from the types of training which could be considered for approval.

Initially, we note that nothing in the definition of vocational precludes professional training from being considered vocational training. The definition of vocational includes "of, relating to, or concerned with a vocation." Webster's Third New International Dictionary 2561 (1966). Profession is defined as "a principal calling, *vocation,* or employment." Webster's Third New International Dictionary 1811 (1966) (emphasis added). We conclude that the plain meaning of vocational training includes professional training.

The language of Section 236 and the regulations support this conclusion. Section 236(a)(1)(A) requires the Secretary, before approving training benefits, to determine that there is no suitable employment—including technical and *professional* employment—available to the applicant. Employment is defined in 29 C.F.R. §91.3(15) as "any service performed for an employer by an individual for wages or by an officer of a corporation." If professional training were eliminated from consideration, a potential area of employment for the workers which the taa provisions of the Trade Act were enacted to assist would be foreclosed. This is clearly contrary to Congress' objective.

However, even though we conclude that the Board erred, as a matter of law, in determining that Section 236 training benefits were not available for professional training, we may not decide whether Petitioner is eligible for taa benefits. A determination in accord with Section 236 must still be made as to whether (1) the professional training Petitioner seeks is appropriate and (2) the five conditions set out in Section 236(a)(1)(A)-(E) have been met.[8]

Accordingly, we vacate the Board's order and remand for proceedings consistent with this opinion.

ORDER

AND NOW, May 22, 1987, the order of the Unemployment Compensation Board of Review in the above-captioned case is vacated and the case remanded for proceedings consistent with this opinion. ·

Jurisdiction relinquished.

---

[8] We note that Petitioner's local office recommended that his training be approved.