Dirk A. MARSHALL, Relator,

v.

COMMISSIONER OF JOBS AND
TRAINING, Respondent.

No. C4–92–1657.

Court of Appeals of Minnesota.

March 2, 1993.

Dirk A. Marshall, pro se.

Kent E. Todd, Minnesota Dept. of Jobs and Training, St. Paul, for respondent.

Considered and decided by DAVIES, P.J., and FORSBERG and RANDALL, JJ.

## OPINION

DAVIES, Judge.

Appellant challenges the decision of the Commissioner of Jobs and Training denying him federal training adjustment assistance. We affirm.

## FACTS

Dirk Marshall lost his job as a senior financial analyst with the E.F. Johnson Company in May 1990. In December 1990 the director of the United States Office of Trade Adjustment Assistance declared that Marshall and other E.F. Johnson employees had lost their jobs due to foreign competition, making them eligible for federal training adjustment assistance pursuant to 19 U.S.C. § 2296 (1988).

In January 1991, Marshall applied to the Minnesota State Office of Jobs and Training for training adjustment assistance. He planned to attend law school at William Mitchell College of Law. Marshall already had a B.A., M.B.A., and eight years' experience as an accountant, treasurer/comptroller/chief financial officer, and financial analyst.

The Department denied his request for benefits and he appealed. After a hearing at which the Department and Marshall presented evidence on the availability of suitable employment, a referee denied Marshall's request for benefits based on the length of the law school program and on Marshall's existing ability to obtain suitable employment. Marshall appealed to the Commissioner, whose representative affirmed the referee's decision.

## ISSUE

Did the Commissioner of Jobs and Training err in denying Marshall training adjustment assistance to attend law school?

## ANALYSIS

The Trade Act of 1974 provides federal training adjustment assistance to workers adversely affected by the import of foreign goods. 19 U.S.C. § 2296 (1988). These benefits cover the tuition and book cost for retraining workers. Under the Act, an eligible worker's request for benefits will be approved where

(A) there is no suitable employment * * * available for an adversely affected worker,

(B) the worker would benefit from appropriate training,

(C) there is a reasonable expectation of employment following completion of such training,

(D) training * * * is reasonably available * * *,

(E) the worker is qualified to undertake and complete such training, and

(F) such training is suitable for the worker and available at a reasonable cost.

19 U.S.C. § 2296(a)(1).

The Department of Labor has promulgated regulations setting forth further criteria for approval of training under this section.

*See* 20 C.F.R. § 617.22 (1991). The regulations define "suitable employment" as

work of a substantially equal or higher skill level than the individual's past adversely affected employment, and wages for such work at not less than 80 percent of the individual's average weekly wage.

20 C.F.R. § 617.22(a)(1). Also, under these regulations, a training program may not exceed 104 weeks. 20 C.F.R. § 617.22(f)(2).

■■■ A denial of training benefits requested under 19 U.S.C. § 2296 is reviewable in state court as if it had been a denial of conventional unemployment benefits. 19 U.S.C. § 2311(d) (1988); *Talberg v. Commissioner of Economic Sec.*, 370 N.W.2d 686, 688 (Minn.App.1985). Review of a decision to deny unemployment benefits is very narrow. *Markel v. City of Circle Pines*, 479 N.W.2d 382, 383 (Minn.1992). On review of the Commissioner's decision, findings of fact must be viewed in the light most favorable to the decision, and if there is any evidence reasonably tending to support them, they must be sustained. *Ress v. Abbott Northwestern Hosp.*, 448 N.W.2d 519, 523 (Minn.1989). The reviewing court is not bound by the Commissioner's conclusions of law, but may exercise its independent judgment. *Markel*, 479 N.W.2d at 384.

■■ The Commissioner's representative determined that given the cost of law school, which would exceed $27,000, and given Marshall's previous education and experience, the evidence supported the conclusion that training as a lawyer was not reasonable or necessary for Marshall to obtain suitable work. *See* 19 U.S.C. § 2296(a)(1)(F).

■■ This statute was designed to give workers whose job functions have virtually disappeared because of foreign competition an opportunity to become proficient in a new trade. Although professional training is allowed under the statute, *see* 19 U.S.C. § 2296(a)(1)(A); *Wilson v. Commonwealth, Unempl. Comp. Bd. of Review*, 526 A.2d 452, 455 (Pa.Commw.Ct.1987), the statute is not meant to allow a person with a professional degree who has reasonable job prospects or options the opportunity to acquire a second professional degree simply to enhance employability. Thus, the applicant wanting to enhance an already existing professional degree bears a heavy burden to demonstrate that such training is reasonable and necessary.

The Department submitted statistics from the U.S. Department of Labor 1990–91 Occupational Outlook Handbook and the Twin Cities Area Employment Outlook bulletin, which showed that employment opportunities for a person with Marshall's qualifications were available and would be increasing until the year 2000. The record also showed that Marshall had applied for "suitable" jobs with Hennepin County and the City of Eagan, but was not selected out of the candidate pool for an interview.

Marshall's inability to obtain suitable jobs, such as the job with the City of Eagan, does not necessarily make suitable employment "unavailable." He may be "qualified" for the jobs, but still not obtain an interview given the other qualified applicants in the pool.

The Commissioner's representative weighed the evidence that Marshall is currently employable against the significant cost of the program and concluded that approval of benefits was not justified. Considering all the factors, we cannot say that the decision to deny Marshall benefits on this basis is arbitrary or capricious.

Further, based on the William Mitchell College of Law catalogue received as evidence, the referee found, and the Commissioner's representative affirmed, that completion of law school would require at least 111 weeks, including exam periods. This exceeds a 104–week limit imposed by regulation. *See* 20 C.F.R. § 617.22(f)(2).

■■ Marshall argued that completion of law school would require 86 to 102 weeks because exam periods should not be included. Exam periods are, however, an integral part of a law school education. A student cannot graduate from law school without participating in exams. Thus, exams should be counted in the training period. As such, the training period exceeds the 104–week limit.

Finally, Marshall contends that he was treated unfairly during the appeal and the hearing. First, he complains that the Department withheld information he requested in discovery, which prejudiced him. Although all the information requested by Marshall was not provided, the Commissioner's representative concluded that the record was adequate for a decision and additional information would not change the outcome. We agree.

Next, Marshall objects to the admission of the William Mitchell College of Law catalogue, a copy of the statute authorizing the benefits, a copy of the Minnesota Employment Opportunity bulletin, and records of four job opportunities listed in the Department's job banks and retrieved by the Department's representative. The catalogue, by which the time for completion of training was calculated, cannot reasonably be said to have surprised or prejudiced him. Marshall must have had access to the catalogue to formulate his own case. Further, at the beginning of the hearing Marshall made no objection to its admission.

Marshall cannot complain about admission of the statute since it is the applicable law. Although Marshall should have been notified of the remaining evidence, the Commissioner's representative did not explicitly rely on any of it in making his decision nor was it necessary for the decision to be reasonable.

Marshall also contends that he was treated unfairly during the hearing. The hearing transcript reveals that the referee occasionally hurried Marshall along, but never without reason. The transcript also shows that Marshall had an adequate opportunity to present evidence and that, at the close of the hearing, he indicated that he had nothing more to offer. He has thus failed to demonstrate any prejudice. *See Wise v. Denesen Insulation Co.*, 387 N.W.2d 477, 482 (Minn.App.1986).

We have considered Marshall's other complaints about the manner in which his request for benefits was handled and find them to be without merit.

## DECISION

The Commissioner's decision to deny Marshall training adjustment assistance is supported by the evidence and is not arbitrary or capricious.

Affirmed.