JsLOTTINGER, Chief Judge.
Plaintiff, Cherie'White (Ms. White), challenges the decision of the district court affirming the denial of federal trade adjustment assistance by the Louisiana Board of Review for the Office of Employment Security. We affirm.
FACTS
Ms. White was employed by Brealoch Holdings, Inc. In April of 1993, Brealoch applied for benefits under the Trade Act of 1974, 19 U.S.C. § 2201 et seq., because the company was going out of business due to increased imports. Ms. White lost her job at Brealoch in July of 1994.
*930 On August 8, 1994, Ms. White applied for trade adjustment assistance (TAA) under the Trade Act of 1974. Ms. White sought assistance in paying for tuition for court reporting school. Ms. White had been attending school since November of 1992 and had approximately one year remaining.
On October 7, 1994, the Office of Employment Security; Department of Labor, State of Louisiana (Department), denied Ms. White’s request stating that, “[a]s of May 1, 1994, court reporting is no longer an approved training for TAA based on requirements of the Federal Register 20 CFR Section 617.... ” The Department determined that court reporting did not meet the requirements because: -the training has a low expectation of completion; the training takes more 'than 104 weeks to complete; the training will not necessarily make one job-ready because graduates are required to pass a Certified Shorthand Reporters Board Test and the passing rate for the test is very low; and not one of the people approved for TAA for court reporting had ever completed training.
Ms. White appealed this decision, and following a hearing, the hearing officer remanded the ease to the Department for reconsideration. The Department again rejected Ms. White’s request, this time stating that the requested training does not meet 20 C.F.R. § 617.22(a)(3), which requires that the training make one job ready. To be job-ready as a court reporter one must pass the Certified Shorthand Reporters Board Test. The Department pointed to low statewide passing rates on this test as support for the denial. Ms. White appealed a second time and the hearing officer affirmed the . denial. Ms. White appealed to the Board of Review for the Office of Employment Security (Board of Review). The Board of Review affirmed.
_|3Ms. White then filed an appeal in district court. The district court judge remanded the matter to the Board of Review for the taking of additional evidence regarding current test results. On remand, the Board of Review considered current test results, which indicated that the average statewide passage rate on the exam was 17.75%. Upon reconsidering the record and evidence and the current test data, the Board of Review affirmed its previous decision denying TAA benefits to Ms. White. On appeal, the district court affirmed:
Ms. White filed the present appeal asserting: first, that the proper standard of review is contained in La. R.S. 49:964; second, that the agencies and the district court erred in finding that she failed to fulfill the requirements of the Trade Act; and third, that the decision was not supported by the evidence, was affected by an error of law, was arbitrary, capricious or an abuse of discretion, or was manifestly erroneous.
STANDARD OF REVIEW
The Trade. Act of 1974 provides federal TAA benefits to workers who have lost their jobs due to the importation of foreign goods. 19 U.S.C. § 2296 (1988). Under the Act, training for the worker shall be approved when:
(A) there is no suitable employment ... available for an adversely affected worker,
(B) the worker would benefit from appropriate training,
(C) there is a reasonable expectation of employment following completion of such training,
(D) training ... is reasonably available
(E) the worker is qualified to undertake and complete such training, and
(F) such training is suitable for the worker and available at a reasonable cost....
19 U.S.C. § 2296(a)(1).
The Act also provides for cooperation between the Department of Labor and any state or state agency in order to implement the provisions of the Trade Act. 19 U.S.C. § 2311(a).[1] Section 2311(d) provides, “[a] de *931 termination by. a cooperating State agency with|4respect to entitlement to program benefits under an agreement is subject to review in the same manner and to the same extent as determinations under the applicable State law and only in that manner and to that extent.” Applying section 2311(d), courts have determined that a denial of federal benefits under the Trade Act is reviewable in state court as if it had been a denial of conventional unemployment benefits. Marshall v. Commissioner of Jobs and Training, 496 N.W.2d 841, 843 (Minn.App.1993); Talberg v. Commissioner of Economic Security, 370 N.W.2d 686, 688 (Minn.App.1986); Skrundz v. Review Board of Indiana Employment Security, 444 N.E.2d 1217, 1221 (Ind.App. 1 Dist.1983).
In Louisiana, review of a denial of unemployment benefits by the Board of Review is governed by La. R.S. 23:1634(B). This statute provides that, “the findings of the board of review as to the facts, if supported by sufficient evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of the court shall be confined to questions of law.” La. R.S. 23:1634(B). Review of the Board’s findings does not-permit weighing of evidence, drawing of inferences, re-evaluation of evidence, or substituting views of the court for those of the Board as to the correctness of facts presented. Lewis v. Administrator, 540 So.2d 491, 496 (La. App. 1st Cir.1989); Major v. Cintas/Red Stick, 94-713, p. 4 (La.App. 3 Cir. 12/6/95); 665 So.2d 153, 156, writ denied, 96-0081 (La.3/8/96); 669 So.2d 402. Judicial review is limited to a determination of whether the findings of fact are supported by sufficient evidence and whether facts as found warrant the decision as a matter of law. Landry v. Shell Oil Company, 597 So.2d 521, 524 (La. App. 1st Cir.1992).
Applying this standard to the denial of federal TAA benefits to Ms. White, we find that the Board of Review’s findings of fact are fully supported by the record and its decision is correct as a matter of law.
JsANALYSIS
The Louisiana Department of Labor is a cooperating agency which must abide by federal-rules and regulations in administering the TAA program. 19 U.S.C. § 2311. As a cooperating agency, the ■ Department is charged with approving training for adversely affected workers and with determining which training institutions offer training programs at a reasonable cost and with a reasonable expectation of employment following completion of training. 20 C.F.R. § 617.20(b)(1) and (9).
In order for the Department to approve TAA training for an affected worker, the worker must meet the conditions for approval set forth in 20 C.F.R. § 617.22(a). These criteria are: (1) there is no suitable employment available; (2) the worker would benefit from appropriate training; (3) there is a reasonable expectation of employment following completion of training; (4) training is reasonably available; (5) the worker is qualified to undertake and complete such employment; and (6) such training is suitable for the worker and available at a reasonable cost. ,20 C.F.R. §. 617.22(a). Ms. White contends that the only criteria at issue is § 617.22(a)(3).
The following facts are contained in the record. To become a Certified Court Reporter, one must pass the Certified Shorthand Reporters Board Test. Data obtained from the State Board of Examiners indicates that the average statewide passage rate for. the test for 1994 and 1995 was 17.75%. The passage rate for Franklin College of Court Reporting, the school Ms. White attended, was somewhat higher at 27.5%.
Considering the low passage rates on the Certified Shorthand Reporters Board Test, the Board of Review concluded that 20 C.F.R. § 617.22(a)(3) was not satisfied be *932 cause the requested training will not necessarily make one job-ready. Accordingly, Ms. White’s request for TAA benefits was denied for failure to fulfill a condition for approval.
Under the provisions of 20 C.F.R. § 617.22(a)(3), there must be a reasonable expectation of employment following completion of training. We find that the evidence in this case sufficiently supports the decision of the Board of Review that the requested training will not necessarily make Ms. White job ready as a Certified Court Reporter.
^CONCLUSION
For these reasons, we affirm the district court’s decision affirming the ruling of the Board of Review.[2]
AFFIRMED.

. This section provides:
The Secretary is authorized on behalf of the United States to enter into an agreement with any State, or with any State agency (referred to in this subpart as "cooperating States” and "cooperating States agencies” respectively). Under such an agreement, the cooperating State agency (1) as agent of the United States, *931 will receive applications for, and will provide, payments on the basis provided in this part, (2) where appropriate, but in accordance with subsection (0 of this section, will afford adversely affected workers testing, counseling, referral to training and job search programs, and placement services, (3) will make any certifications required under section 2291(c)(2) of this title, and (4) will otherwise cooperate with the Secretary and with other State and Federal agencies in providing payments and services under thiá part.

. Under La.R.S. .23:1692, costs may not be assessed against the employee, Ms. White. Costs must be absorbed by the clerk of this court, the sheriff and the clerk of the district court. Landry, 597 So.2d at 526, n. 2.