William Ford, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued December 5, 1979, before Judges Crumlish, Jr., Rogers and MacPhail, sitting as a panel of three.

*Sandra L. Smales,* with her *Julia K. Johnson* and *Wendy E. DeGeorge,* for petitioner.

*Elsa Newman,* with her *William Kennedy,* Assistant Attorney General, *Gary Marini,* Assistant Attor-

ney General, *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, January 18, 1980:

William Ford has appealed from an order of the Pennsylvania Unemployment Compensation Board of Review (Board) disallowing his appeal from, and thereby leaving intact, a referee's decision that Ford was ineligible for trade readjustment assistance (TRA) under the Trade Act of 1974, 19 U.S.C. §2101 et seq. (Act). We affirm.

Ford was employed by Jones and Laughlin Steel Corporation as a fork lift operator apprentice. The last day he actually performed services for his employer was March 24, 1977. After this date, he was on paid vacation leave for twelve weeks and thereafter on sick leave with partial pay until October 3, 1977. Ford then reported back to work but, upon the advice of his physician, he requested lighter work. No lighter work being available, Ford voluntarily left his employment. He then applied for TRA benefits. His application was denied by the Bureau of Employment Security (now known as the Office of Employment Security) and this denial was affirmed by a referee. The Board subsequently disallowed Ford's appeal from the referee's decision.

The Trade Act of 1974 established a federal program providing for the payment of TRA benefits to workers in certain industries who are certified by the Secretary of Labor as being persons adversely affected by unfair or injurious import competition.[1] While

---

[1] One of the purposes of the Act is to "provide adequate procedures to safeguard American industry and labor against unfair or injurious import competition, and to assist industries, firm [sic], workers, and communities to adjust to changes in international trade flows." 19 U.S.C. §2102(4).

the program is conducted under the auspices of the United States Department of Labor, it is administered through the State's unemployment compensation bureaus. In order to be eligible for TRA benefits, an employee in a certified industry must meet several criteria, one of which is that the employee "had, in the 52 weeks immediately preceding such total or partial separation, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment with a single firm or subdivision of a firm." 19 U.S.C. §2291(2). This requirement is also embodied in the Department of Labor's own regulations. See 29 C.F.R. §91.7(c).

The referee found that Ford was employed for only 24 weeks out of the 52 weeks immediately preceding his leaving his employment on October 3, 1977. Ford does not dispute that he was on the job no more than 24 weeks; rather, Ford contends that he should have been considered employed during at least the twelve weeks of his vacation leave. Therefore, Ford contends, he was employed for at least 36 weeks out of the immediately preceding 52 weeks.

Ford's argument that an employee on paid vacation leave remains in the employment of his firm has immediate appeal. However, employment as used in 19 U.S.C. §2291(2) and 29 C.F.R. §91.7(c) is defined in the Department of Labor's regulations as "any *service performed* for an employer by an individual." 29 C.F.R. §91.3(15). (Emphasis added.) Moreover, the Department of Labor has established a guideline interpreting and limiting employment as follows: "Periods in which service is not being performed, such as leave of absence, sick or annual leave or vacation leave . . . may not be considered as employment for

---

The criteria for workers in an industry to be certified by the United States Secretary of Labor are set forth in 19 U.S.C. §2272.

an adversely affected firm or subdivision thereof.'' United States Department of Labor, Manpower Handbook on Adjustment Assistance for Workers under the Trade Act of 1974, Part C, p. C-I-4, para. 9 (1975).

The Department of Labor's interpretations of the Act and of its own regulation are entitled to great weight. *Orner v. Department of Public Welfare*, 44 Pa. Commonwealth Ct. 635, 404 A.2d 452 (1979). Uniformity of administration by the several States of federal programs requires that particular deference be paid to the interpretations of the responsible federal agencies.

Accordingly, we enter the following

ORDER

AND Now, this 18th day of January, 1980, the order of the Pennsylvania Unemployment Compensation Board of Review disallowing the appeal of William Ford is affirmed.

This decision was reached prior to the expiration of the term of office of Judge DiSALLE.