Elizabeth Long, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*William Taggart,* for petitioner.

*Steven B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, January 20, 1981:

This is an appeal from a decision of the Pennsylvania Unemployment Compensation Board of Review (Board) which sustained a referee's decision denying the claimant, Elizabeth Long, trade readjustment assistance (TRA) benefits under the Trade Act of 1974 (Act), 19 U.S.C. §2101 *et seq.* We affirm.

In May of 1978 the claimant lost her job at Erie Technological Products Inc. (Erie) because of a decline in the production of capacitors at Erie which resulted in part from increased sales of imported capacitors. In response to this situation the Secretary of the United States Department of Labor certified the claimant and other similarly situated former employees of Erie as eligible to apply for TRA benefits, and the claimant subsequently filed her application with the Bureau, now Office, of Employment Security (Bureau).

To qualify for TRA benefits under the Act individuals must meet various statutory eligibility re-

quirements. One such requirement, found in Section 231(2) of the Act, 19 U.S.C. §2291(2), requires claimants to have "in the 52 weeks immediately preceding such total or partial separation, at least 26 weeks of employment at wages of $30 or more a week in adversely affected employment. . . ." In determining whether a worker has satisfied this requirement, the Bureau which administers the distribution of benefits under the federal program, is guided by 29 C.F.R. §91.3(15) which defines employment for purposes of Section 231 as "any service performed for an employer by an individual." The Department of Labor has also promulgated guidelines for the various state unemployment compensation bureaus, which state in part: "Periods in which service is not being performed, such as leave of absence, sick or annual leave or vacation leave . . . may not be considered as employment for an adversely affected firm or subdivision thereof." United States Department of Labor, Manpower Handbook on Adjustment Assistance for Workers under the Trade Act of 1974, Part C, p. C-I-4, para. 9 (1975).

In the 52 weeks preceding the loss of her job the claimant worked at Erie for 25 weeks and had two weeks of paid vacation. The Bureau, relying on 29 C.F.R. §91.3(15) did not consider claimant's paid vacation leave to be employment for purposes of Section 231 and denied benefits. This decision was affirmed on appeal by the referee and the Board.

The sole justiciable question raised in this appeal is whether 29 C.F.R. §91.3(15) and the Department's guideline are correct in not considering paid vacation to be employment. Recently, this Court addressed this exact same issue in *Ford v. Unemployment Compensation Board of Review*, 48 Pa. Commonwealth Ct. 580, 409 A.2d 1209 (1980). In *Ford* we held that vacation leave was not employment for purposes of Sec-

tion 231 in a case involving a claimant who had worked 24 weeks and who had taken 12 weeks of paid vacation leave in the 52 weeks preceding the loss of his job. There we noted that the Department of Labor's interpretation of the Act and its own regulation were entitled to great weight before this Court, stating that "Uniformity of administration by the several States of federal programs requires that particular deference be paid to the interpretations of the responsible federal agencies." *Id.* at 583, 409 A.2d at 1211.

Here as in *Ford* we see no reason to contradict the Department of Labor's interpretation of 19 U.S.C. §2291(2). Contrary to claimant's assertions, we believe 29 C.F.R. 91.3(15) offers a reasonable definition of the term employment as used in Section 231 of the Act, and if that section causes hardship in a particular case, then it is for the legislature and not the courts to modify.

We need not consider claimant's constitutional claims since they were not raised below and do not involve the constitutionality of a statute. *See* Pa. R.A.P. 1551.

Accordingly, we enter the following

ORDER

AND Now, January 20, 1981, the order of the Unemployment Compensation Board of Review, dated May 24, 1979, Decision No. B-172530 is affirmed.