Leonard FIGAS, Appellant,

v.

LABOR & INDUSTRIAL RELATIONS COMMISSION, and Division of Employment Security and Chrysler Corporation, Respondents.

No. 44486.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 9, 1982.

Burton Newman, Ronald Gladney, Bartley, Goffstein, Bollato & Lange, Clayton, for appellant.

Rick V. Morris, William Ringer, Jefferson City, for respondent.

CLEMENS, Senior Judge.

Plaintiff Leonard Figas appeals the denial of his claim for allowances as an "adversely affected worker" under Chapter 12, Title II of the Trade Acts of 1974, 19 U.S.C.A. § 2311. Under Section (d) thereof determination of rights to benefits by a state's Labor and Industrial Relations Commission is subject to judicial review in the same manner as unemployment benefit claims, namely Section 288.210, RSMo.1978. Thereunder "the findings of the commission as to the facts, if supported by competent and substantial evidence and in the absence of fraud, shall be conclusive, and the jurisdiction of said court shall be confined to questions of law". The Act became effective in Missouri on May 1, 1979.

The issue here is whether Figas was then employed by Chrysler. Figas had previously been laid off on March 26, 1979 but Chrysler did pay him accrued vacation pay until May 12, 1979. He contends he was employed until that date and so is entitled to benefits under the Act.

Plaintiff's claim was denied in turn by the Division's Deputy, its appeal Referee, the Appeals Tribunal, and by the Labor and Industrial Commission. The Commission upheld the finding that plaintiff had been separated from his employment with Chrysler when he was laid off on March 26, 1979—almost two months before the Act went into effect. On appeal the Circuit Court affirmed, finding the Commission's conclusion was supported by competent and substantial evidence.

■ Our review is upon the whole record in the light most favorable to the decision, deferring to the Commission when its decision is supported by competent and substantial evidence. *Gold v. Sharp, Kidde, Webb*, 564 S.W.2d 612[4–5] (Mo.App.1978).

■ Here, Figas claims his "last separation from employment occurred on May 12, 1979, the last date for which he received compensation from Chrysler". To the contrary, Chrysler contends Figas was not qualified for Trade Act benefits because "his separation from employment with Chrysler was prior to" the Act's effective date.

To that issue we look to the Act. Figas relies on its language defining "total separation" as "severance of an individual from employment". He argues he was not so severed while drawing unemployment compensation, which extended beyond the Act's effective date. He bolsters this argument by our holding in *Deutschmann, Inc. v. Leiser*, 546 S.W.2d 560[1, 2] (Mo.App.1977); therein we held the Act is to be liberally interpreted in an employee's favor.

To the contrary, Chrysler relies on Section 288.034, 1., RSMo.1978, specifically defining employment as "*service*, including service in interstate commerce, *performed for wages* or any contract for hire, written or oral, expressed or implied . . ." (Our emphasis.) After Chrysler discharged Figas on March 26, 1979 he performed no service for Chrysler for wages. It follows that despite his getting accrued vacation pay beyond the impact date Figas was not then employed by Chrysler.

Our conclusion is supported by *Ford v. Commonwealth, etc.*, 48 Pa.Cmwlth. 580, 409 A.2d 1209, l.c., 1911, holding that under federal law and regulations: "Periods in which service is not being performed . . . may not be considered as employment."

We hold the circuit court did not err in upholding the denial of Figas' claim for benefits.

Affirmed.

REINHARD, P. J., and SNYDER and CRIST, JJ., concur.