**GENERAL MOTORS CORPORATION,
Appellant,**

v.

**LABOR AND INDUSTRIAL RELATIONS
COMMISSION OF MISSOURI, DIVI-
SION OF EMPLOYMENT SECURITY,
and Wayne D. Whitson, Respondents.**

No. 46282.

Missouri Court of Appeals,
Eastern District,
Division Three.

June 14, 1983.

James E. McDaniel, St. Louis, for appellant.

Catherine J. Barrie, Jefferson City, for respondents.

CRANDALL, Presiding Judge.

General Motors appeals from the trial court's judgment affirming the decision of the Labor and Industrial Relations Commission of Missouri which granted unemployment benefits to Wayne D. Whitson, General Motors' employee. We affirm.

Judicial review of the decision of the Commission is based upon the whole record in the light most favorable to the decision, deferring to the Commission when its decision is supported by competent and substantial evidence. *Figas v. Labor & Industrial Relations Commission,* 628 S.W.2d 731, 732 (Mo.App.1982). As trier of fact, the Commission is the judge of the credibility of the witnesses and the inferences to be drawn from their testimony. *Doerer v. Labor and Industrial Relations Commission,* 617 S.W.2d 501, 504 (Mo.App.1981). We may not substitute our judgment of the evidence or the credibility of the witnesses for that of the Commission. *Cox v. Sayad,* 647 S.W.2d 884, 885 (Mo.App.1983). The findings of fact of the Labor and Industrial Relations Commission, if supported by competent and substantial evidence, are conclusive in the absence of fraud. § 288.210, RSMo (Supp.1983). Within this narrow scope of judicial review, we consider the appeal by General Motors.

Wayne D. Whitson was fired because he stabbed a fellow employee in the back while fighting on the job. It is undisputed that fighting on the job is a violation of company rules and is a valid ground for discharge precluding unemployment benefits. Whitson's evidence at the administrative hearing was that he acted in self-defense. On appeal, General Motors concedes that self-defense could be a justification for fighting, thereby permitting the employee to be eligible to receive unemployment benefits upon termination. They contend, however, that Whitson did not act in self-defense because he could have avoided the fight and because he used excessive force during the fight.

The evidence adduced at the hearing showed that Michael Lathan precipitated the confrontation by verbally abusing Whitson. Whitson began to walk away on two occasions but Lathan pushed and shoved him. When Whitson turned to confront his assailant, Lathan struck him twice in the left arm with a drill causing the drill bit to penetrate Whitson's skin. As the struggle escalated, Whitson stabbed Lathan twice in the back with a pocket knife. The blade of the knife was less than three inches long.

The issue before this court is whether the evidence is sufficient to raise a factual issue of self-defense for the trier of fact, here the Commission.

Whitson was privileged to use reasonable force to defend himself. *Martin v. Yeoham*, 419 S.W.2d 937, 948 (Mo.App. 1967); MAI No. 32.11; Restatement (Second) of Torts, § 63 (1965). Although Whitson was not required to retreat, he twice attempted to do so. Restatement (Second) of Torts, § 63 (1965); *see* MAI No. 32.11 (no finding that one claiming self-defense attempted to retreat is required). Whether the use of a pocket knife with a blade of less than three inches was a reasonable means of repelling an attack with a drill was a question of fact for the Commission. We hold there was sufficient substantial and competent evidence from which the Commission could find that the use of the pocket knife in self-defense was reasonable under these circumstances, and we therefore defer to that finding.

The judgment of the trial court is affirmed.

REINHARD and CRIST, JJ., concur.