527 A.2d 214

Latrobe Road Construction, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Department of Transportation, Respondent.

Argued June 9, 1986, before Judges CRAIG and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*Donald J. Snyder, Jr.*, with him, *B. Patrick Costello*, *Costello & Berk*, for petitioner.

*Gregory C. Santoro*, Assistant Counsel, with him, *Michael A. Finio*, *Spencer A. Manthorpe*, Chief Counsel, and *Jay C. Waldman*, General Counsel, for respondent.

OPINION BY JUDGE BLATT, June 22, 1987:

Latrobe Road Construction, Inc. (petitioner) petitions for review of the order of the Board of Review (Board) of the Department of Transportation (Department) which affirmed the Department's three year suspension of the petitioner as a bidder on departmental contracts.

56

The petitioner admits that, on August 27, 1984, it pled guilty in United States District Court to a Sherman Anti-Trust Act violation, 15 U.S.C. §1, and that it paid a $100,000 fine as a result thereof. This plea arose from the conduct of the petitioner's estimator and corporate secretary, Mr. Rodkey, who, during the preparation of a bid on a Department contract (the contract), telephoned the president of a competitor to inquire if the competitor intended to bid on the contract. Upon being advised that the competitor had no such intention, Mr. Rodkey, acting on a belief that, if the petitioner were the only bidder, the contract would not be let, an assumption which is contradicted by the record in this case, requested the competitor's president to submit a "complementary" bid, higher than the petitioner's. The competitor's president agreed, and Mr. Rodkey revealed the petitioner's intended bid to the competitor. Mr. Rodkey then slightly lowered the petitioner's bid and submitted it to the Department. The competitor bid an amount slightly higher than the bid it expected the petitioner to submit. These were the only bids submitted on the contract and the contract was awarded to the petitioner. These events occurred in 1979. Neither Mr. Rodkey, nor any of the other corporate officers of the petitioner was individually charged in the criminal prosecution.

Due to the petitioner's conviction, the Department,[1] in a January 9, 1985 letter, notified the petitioner that it was suspended from bidding on Department work, that its Prequalification Certificate was revoked and that an application for reinstatement by the petitioner would

---

[1] As provided in 67 Pa. Code §457.13, the Secretary of Transportation may temporarily suspend or disqualify prequalified bidders for several specified reasons and for "[a]ny other valid reason or cause."

not be considered for three years from January 9, 1985, or until otherwise notified.[2]

The petitioner appealed this determination to the Department's Prequalification Committee,[3] which, after what is described in the record before us as an informal hearing, *i.e.*, a proceeding of which no record is made, affirmed the Department's actions. Upon the petitioner's further appeal, the Board[4] held a formal hearing, *i.e.*, the hearing which generated the record in this matter. Thereafter, the Board rendered the written adjudication, which contained numerous and thorough findings of fact, the legal conclusions and the order[5] presently under review.

---

[2] We find the phrase "or until otherwise notified" to be susceptible to conflicting interpretations. It could be read to mean, we believe, that the Department may either lengthen or shorten the suspension period, but identifies no circumstances, if any, which would cause such revisions.

[3] As defined in 67 Pa. Code §457.1, this committee consists of several specified departmental officers and employees and any person so designated by the Secretary of Transportation.

[4] The Board is defined by 67 Pa. Code §457.1 as follows:

This board shall consist of the Deputy Secretary for Highway Administration, who shall act as chairman, the Chief Counsel, Comptroller of the Department, and Deputy Secretary for Administration, or their designees. The Chief Construction Engineer, shall be the Secretary of the Board as a nonvoting member, and shall keep a complete record of proceedings and decisions before the Board. All tie votes shall be resolved by the Secretary of Transportation.

[5] The Board's order is as follows:

NOW, this 25 [sic] day of June, 1985, it is hereby ordered that [the petitioner] shall be suspended from the Pennsylvania Department of Transportation's list of prequalified bidders and shall be ineligible to bid on Department of Transportation contracts for a period of three years from this date.

We note that the Board's order does not include the ambiguous language discussed in footnote 2. We, therefore, will treat the involved suspension as immutable for the purposes of this opinion.

The first question presented by the petitioner is whether or not the provisions of 67 Pa. Code, Chapter 457, Prequalification of Bidders, violate the due process requirements of the Fourteenth Amendment of the United States Constitution.

The petitioner's due process complaint cites the lack of a hearing prior to departmental prequalification suspensions or revocations. The petitioner also charges a due process violation on its allegation that the individual serving as the Board's chairman was also the individual over whose name the January 9, 1985 letter was sent, thereby impermissibly commingling the Department's prosecutorial and adjudicatory roles.

The Department responds, however, that the petitioner failed to raise these points before the Board and that, therefore, these arguments have been waived.

Pa. R.A.P. 1551 provides that, with respect to the review of quasijudicial orders, no question shall be heard on review which was not raised before the government unit. This bar extends to constitutional claims, which, as here, do not involve the validity of a statute. *Long v. Unemployment Compensation Board of Review,* 56 Pa. Commonwealth Ct. 174, 424 A.2d 587 (1981). And, inasmuch as our review of this record indicates that the petitioner failed to raise the foregoing questions before the Board, we must hold that these issues have been waived.

Next, the petitioner contends that the Department and the Board abused their discretion by imposing a three-year suspension and debarment.

The petitioner offers for our consideration a bifurcated argument, the first element of which is founded on the theory that the administrative action under review does not constitute a present evaluation of the petitioner's "responsibility" to perform work for the Commonwealth, but is, in reality, an unlawful punitive

measure. The petitioner attempts to support this theory by emphasizing that the underlying incident, the 1977 federal anti-trust violation, occurred approximately six years before the Department's action and that there is no evidence of a pattern of such conduct. Moreover, the petitioner stresses that the individual personally responsible for the anti-trust violation, Mr. Rodkey, has been removed from the post he held at the time of the violation and he is no longer involved in state contract bidding work.

The Department argues to the contrary that Section 404.1 of the State Highway Law[6] and the implementing regulations, 67 Pa. Code §457.2(b)(3),[7] cloak the Department with broad powers to ensure the integrity of those bidding on its contracts, *E. Smalis Painting Company, Inc. v. Department of Transportation,* 70 Pa. Commonwealth Ct. 90, 452 A.2d 601 (1982), and that, under the Board's pertinent findings of fact, which are undisputed, even though the violation occurred in 1979, this illegal activity was not discovered until 1984 and that, while Mr. Rodkey was removed from his estimator position on February 28, 1985, such action came after the Department's January 9, 1985 suspension letter. Such circumstances, the Department argues, demonstrate that it did not abuse its discretion. We agree.

---

[6] Section 404.1 of the State Highway Law, Act of June 1, 1945, P.L. 1242, added by Section 1 of the Act of September 20, 1961, P.L. 1529, 36 P.S. §670-404.1, pertinently provides that "[t]he department . . . shall, by regulations, establish and may, from time to time, modify or supplement a system for the qualification of competent and *responsible bidders* on highway projects. . . ." (Emphasis added.)

[7] As 67 Pa. Code §457.2(b)(3) pertinently provides, "[t]he following basic policy shall govern the classification and prequalification of prospective highway contractors . . . [t]o assure the *integrity* and competence of all bidders." (Emphasis added.)

We perceive no impropriety here or any inconsistency between the Department's statutory and regulatory obligations and its suspension order. We, therefore, reject this facet of the petitioner's argument.

The remaining element of the petitioner's abuse of discretion argument is that the suspension or debarment here imposed is beyond the Department's statutory authority to establish prequalification standards because Section 404.1 does not expressly empower the Department to establish punitive systems for violations of law.

It is true, of course, that an explicit grant of such authority is not present within the terms of Section 404.1. We believe, however, that the mandate to establish and maintain a system to qualify "competent and responsible bidders" which is found in Section 404.1 necessarily implies the creation of a disciplinary system to accomplish the legislature's intent.[8] We believe that this construction of Section 404.1 is consistent with our holding in *E. Smalis* and, inasmuch as we believe that the Department has acted within the bounds of its statutory and regulatory authority in imposing the suspension under review, we also believe that it did not abuse its discretion in so doing.

Accordingly, we will affirm the order of the Board.

### ORDER

AND NOW, this 22nd day of June, 1987, the order of the Board of Review of the Department of Transportation in the above-captioned matter is affirmed.

---

[8] *See* footnotes 6 and 7.