**Catherine ORRS, Petitioner**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 11, 2006.

Decided Oct. 31, 2006.

William L. McLaughlin, Jr., Paoli, for petitioner.

Maribeth Wilt–Seibert, Asst. Counsel and Gerard M. Mackarevich, Deputy Chief Counsel, Harrisburg, for respondent.

BEFORE: PELLEGRINI, Judge, and FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

Catherine Orrs (Claimant) petitions for review of the April 10, 2006, order of the Unemployment Compensation Board of Review (UCBR), which reversed the decision of a referee and denied Claimant Alternative Trade Adjustment Assistance (ATAA) benefits.[1] We affirm.

---

1. Part of the Trade Act of 1974 (Trade Act), 19 U.S.C. §§ 2101–2487, establishes various federal programs that provide for the payment of benefits to workers in certain industries who are certified by the Secretary of the United States Department of Labor (U.S.DOL) as being persons adversely affected by unfair or injurious import competition. *See Ford v. Unemployment Compensation Board of Review*, 48 Pa.Cmwlth. 580, 409 A.2d 1209 (1980). In 2002, the Trade Act was expanded by adding the ATAA program. 19 U.S.C. § 2318. Under the ATAA program, eligible workers aged fifty or older may accept reemployment at a lower wage and receive a wage subsidy equal to fifty percent of the difference between their old wages and new wages, up to a maximum of $10,000 over two years, as well as a credit for health insurance costs for two years. 19 U.S.C. § 2318(a)(2)(A) & (B) and (a)(4). Although the ATAA program is conducted under the auspices of the U.S. DOL, it is adminis-

Claimant was last employed by Graco Children (Employer) before Employer's plant closed. (UCBR's Findings of Fact, No. 1; *see* N.T. at 8.) In March 2005, prior to the closure of Employer's plant, the Pennsylvania Rapid Response Team met with Claimant and other employees of Employer to explain to them that they may be entitled to benefits other than *regular* unemployment compensation (UC) benefits, such as ATAA benefits. (UCBR's Findings of Fact, No. 2; N.T. at 8, 13.) Subsequently, on April 29, 2005, Claimant was separated from her employment, and she established a claim for UC benefits sometime in May 2005; however, she did not meet with a CareerLink Representative until August 3, 2005, at which time the representative explained to Claimant that if she wanted ATAA benefits,[2] she would have to obtain reemployment by the twenty-sixth week after her qualifying separation, which would be by October 29, 2005. (UCBR's Findings of Fact, Nos. 3–5.)

Claimant did not attempt to look for permanent employment until mid-September 2005. On September 23, 2005, Claimant applied for employment at Wal–Mart, but she was not called for an interview until approximately October 25, 2005. At that point, Claimant was aware that she was in the last week to obtain reemployment in order to receive ATAA benefits.[3] On October 27, 2005, following two more interviews, Wal–Mart tentatively offered Claimant employment pending the results of a background check and drug test.

Claimant passed the drug test and was offered a job with Wal–Mart on October 31, 2005. Claimant's first day of work with Wal–Mart was on November 2, 2005. (UCBR's Findings of Fact, Nos. 6, 8–13.)

Claimant subsequently applied for ATAA benefits, and the UC Center–TAA section denied her benefits because she failed to obtain reemployment by October 29, 2005. (O.R. Item Nos. 1 and 3.) Claimant appealed to a referee, who reversed the UC Center–TAA section's decision. In doing so, the referee found that a Career-Link Representative told Claimant that, with respect to reemployment, being offered a job was the same as starting employment, and, relying on that information, Claimant considered herself to have obtained reemployment by October 27, 2005. The referee stated that there was no law or regulation to support the position of the Commonwealth's Department of Labor and Industry (Department) that a person actually has to begin a position in order to be considered reemployed. Accordingly, the referee granted Claimant ATAA benefits.

Employer then appealed to the UCBR, which reversed. The UCBR found that Claimant was aware that if she was not offered a job by October 29, 2005, she would not be eligible for ATAA benefits and that Claimant was not offered employment with Wal–Mart until October 31, 2005.[4] (UCBR's Findings of Fact, Nos.

---

tered through the states' unemployment compensation bureaus, acting as the U.S. DOL's agent. *Ford; see* 19 U.S.C. §§ 2311(a), 2318(a)(1), 20 C.F.R. § 617.59(e), (h).

2. Claimant had to elect to apply for either ATAA benefits or Trade Readjustment Allowances (TRA); TRA included retraining and job search allowances. (O.R., Item No. 1; N.T. at 14.)

3. Claimant had been keeping in touch with CareerLink's employment interviewer regarding her job search and possible eligibility for ATAA benefits. (UCBR's Findings of Fact, No. 7.)

4. The UCBR further found that Claimant was not misinformed or mislead by the Department into not looking for work until September 2005. (UCBR's Findings of Fact, No. 15.)

13–14.) Accordingly, the UCBR denied Claimant ATAA benefits.

Claimant now petitions this court for review of the UCBR's order,[5] arguing that the UCBR erred in denying her benefits because she obtained reemployment by the end of the twenty-sixth week after her separation. Claimant maintains that she believed "obtains reemployment" simply meant to get a job, and no one at Career-Link ever informed her otherwise. Claimant also maintains that Wal–Mart's offer of employment on October 27, 2005, constitutes obtaining reemployment because, although the offer was contingent on Claimant passing a background check and drug test, she knew she would pass, so the offer was complete on that date. We disagree.

Once certified by the Secretary of the United States Department of Labor (U.S.DOL) as eligible for trade assistance,[6] Claimant had to meet certain individual eligibility requirements in order to receive ATAA benefits.[7] At issue here is the requirement that the worker "obtain[] reemployment not more than 26 weeks after the date of separation from the adversely affected employment," 19 U.S.C. § 2318(a)(3)(B)(ii). Specifically, we must determine the exact meaning of the phrase "obtains reemployment."

In doing so, we are mindful that the U.S. DOL's interpretations of the Trade Act of 1974 (Trade Act) and its own regulations are entitled to great weight. *Ford v. Unemployment Compensation Board of Review*, 48 Pa.Cmwlth. 580, 409 A.2d 1209 (1980). Moreover, it is important that we give particular deference to the U.S. DOL's interpretations in light of the U.S. DOL's mandate that the states uniformly administer the Trade Act programs. *Id.;* see 20 C.F.R. § 617.52(b).

The meaning of "obtains reemployment" was the frequent subject of questions concerning initial eligibility asked in a Trade and Employment Guidance Letter (TEGL). The U.S. DOL was asked: "Must a worker be working or just offered full-time work within 26 weeks of their [sic] date of separation to be eligible for an ATAA wage subsidy?" U.S. DOL TEGL No. 2–03, Change 1, issued July 14, 2004, Attachment Question No. 38, *available at* http://www.doleta.gov/tradeact/directives. cfm. This is the precise issue before us. The U.S. DOL answered that "TEGL 2–03, Section E, states that the worker must obtain reemployment by the last day of the

---

5. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

6. To be eligible for ATAA benefits, employees must first be certified as such by the U.S. DOL Secretary. 19 U.S.C. § 2318(a)(3)(A). That was done here and is not at issue. (*See* UCBR's Findings of Fact, No. 2.)

7. With respect to individual eligibility for ATAA benefits, 19 U.S.C. § 2318(a)(3)(B) provides:

A worker in the group that the Secretary has certified as eligible for the alternative trade adjustment assistance program may elect to receive benefits under the alternative trade adjustment assistance program if the worker—

(i) is covered by a certification under subpart A [concerning petitions and determinations] of this part;

(ii) obtains reemployment not more than 26 weeks after the date of separation from the adversely affected employment;

(iii) is at least 50 years of age;

(iv) earns not more than $50,000 a year in wages from reemployment;

(v) is employed on a full-time basis as defined by State law in the State in which the worker is employed; and

(vi) does not return to the employment from which the worker was separated.

26th week after the worker's qualifying separation from TAA/ATAA certified employment. This means that the worker's first day of employment must have occurred during the 26–week period." *Id.* The U.S. DOL's regulations define employment as "any service performed for an employer by ... an individual for wages." 20 C.F.R. § 617.3(*o*).

Here, Claimant's first day of employment with Wal–Mart, i.e., the first day she performed services for Wal–Mart for wages, was November 2, 2005. Because Claimant failed to obtain reemployment by the last day of the twenty-sixth week after her qualifying separation, or by October 29, 2005, she is not eligible for ATAA benefits.

Accordingly, we affirm.

### ORDER

AND NOW, this 31st day of October, 2006, the order of the Unemployment Compensation Board of Review, dated April 10, 2006, is hereby affirmed.